UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DON HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:18cv23 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §423(d); 42 U.S.C. § 1383(c)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through June 30, 2020.

2. The claimant has not engaged in sustantial gainful activity since July 18, 2014, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).

3. The claimant has the following severe impairments: major depressive disorder, trochanteric bursitis, congenital leg length discrepancy, hip deformity from previous slipped capital femoral epiphysis, lumbar and lower thoracic spine degenerative changes, bilateral hand numbness with some paresthesias most consistent with carpal tunnel syndrome, generalized anxiety disorder, arthritis, lumbosacral neuritis, and neuropathy of the bilateral upper extremities (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for a sit/stand option after 20 minutes, no climbing of ramps, stairs, ladders, ropes, and scaffolds; occasional twisting and turning; frequent handling and fingering; must avoid extreme cold; must avoid concentrated exposure to wetness and hazards such as machinery and unprotected heights; occasionally stoop, balance, crouch, and crawl; would need a cane for ambulation; able to understand, carry out, and remember simple, routine, and repetitive tasks not at assembly line-type production rate pace with only occasional, simple, work-related decision making required; have brief, superficial, and routine interactions with supervisors, and occasional interactions with co-workers and the general public; and changes should occur no more than occasionally and be gradually introduced.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 16, 1974, and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability

> because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled." whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 18, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17- 27).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on August 22, 1918. On September 14, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290- 91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is

> disabled.  A negative answer at any point, other than step 3, stops
> the inquiry and leads to a determination that the claimant is not
> disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).  From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Born in 1974, Plaintiff was 40 years old as of the alleged onset date.  In the 15 year look back period, Plaintiff worked as a packer and a machine operator.

In support of remand, Plaintiff first argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the RFC and erred in not considering the combined impact of all impairments.  An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). The hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.  *Varga v. Colvin*, 794 F. 3d 809, 813 (7th Cir. 2015). Moreover, an ALJ may not ignore entire lines of evidence.  *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." § 404.1545(a)(2), (b), (c).  Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id*. § 404.1545(c).  *Craft v. Astrue*, 539 F. 3d. 668, 676 (7th Cir.

5

2008).

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *see also* SSR 96-5p, 1996 WL 374183, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545.

In the present case, Plaintiff argues that the ALJ's frequent handling and fingering limitations do not satisfy the logical bridge requirement. Plaintiff contends that he has serious hand/wrist/upper extremity impairments as evidenced by positive Phalen's signs, neuropathy, and neuritis, and thus cannot use his hand/wrist/upper extremities frequently. Plaintiff argues that the handling and fingering limitations should have been stated as "occasional" and not as "frequent".

In response, the Commissioner contends that the ALJ thoroughly explained why she found that Plaintiff could frequently handle and finger. The Commissioner points out that the ALJ considered that the evidence showed 5/5 grip strength bilaterally, with fine and gross dexterity preserved in February 2015 (Tr. 23). She noted that treatment records from October 2015 showed intact distal motor innervations of the median, ulnar, and radial nerves (Tr. 23). The ALJ noted that the Tinel's sign was negative at the wrists and elbows and that there was good perfusion in

6

both hands (Tr. 23). The ALJ noted that bilateral hand x-rays were negative (Tr. 23). The ALJ considered Plaintiff was diagnosed with bilateral hand numbness with some paresthesia, and that clinical evaluation was consistent with carpal tunnel syndrome (Tr. 23). At the same time, the ALJ evaluated Plaintiff's subjective numbness, as well as the positive Phalen's test (Tr. 23). Thus, rather than finding no manipulative limitations, the ALJ reduced the time that Plaintiff could perform manipulative activities to "frequently" (Tr. 21). But as the ALJ also noted, "objective and clinical findings do not reveal significant problems using the hands" (Tr. 24). A review of the March and May, 2015 opinions of State agency medical consultants B. Whitley, M.D., and J. Sands, M.D. show that both found Plaintiff had no manipulative limitations at all (Tr. 79, 108-109). The ALJ explained that she gave partial weight to the opinions of Drs. Whitley and Sands because additional evidence post-dated their opinions and showed that Plaintiff was more limited than they had found (Tr. 24).

Clearly, it is undisputed that Plaintiff has at least some problems with handling and fingering. While this court may not re-weigh the evidence, the court must find that substantial evidence supports the ALJ's finding that Plaintiff can handle frequently, rather than only occasionally. The court finds that the ALJ has not shown how substantial evidence supports his decision, in light of Plaintiff's diagnosis of bilateral hand numbness and carpel tunnel syndrome. It simply does not follow that someone with these conditions could handle and finger frequently, such as at a factory job. As there is evidence that post-dated the opinions of the State agency medical consultants, it is unclear why their opinions were given any weight. Thus, this case will be remanded for a more detailed explanation regarding Plaintiff's ability to handle and finger.

Plaintiff next argues that the ALJ drew improper inferences in relation to seeking

7

treatment and compliance. The ALJ opined that Plaintiff must not have been in intense pain because he did not seek more extensive treatment for his hips and back. Plaintiff explains that he had an aversion to needles which interfered with his treatment and that this fear was so significant that he discussed it with his mental health therapist. Plaintiff notes that the objective medical evidence supports his pain allegation and that his orthopaedic specialist considered the need for bilateral hip replacement.

In response, the Commissioner points out that the ALJ considered the treatment notes that documented Plaintiff's worsening pain. The ALJ also considered the results of diagnostic studies of the hips showing deformities and of the lumbar spine showing degenerative changes and loss of disc space. The ALJ further considered results of clinical examinations showing tenderness, muscle spasm, and reduced ranges of motion, and that Plaintiff continued to complain of pain despite treatment with medications, physical therapy and a TENS unit. Thus, the ALJ restricted Plaintiff to sedentary work. However, the ALJ does not explain how someone with Plaintiff's degree of pain would be able to perform even sedentary work on a regular, full-time basis. As there is no logical bridge between the evidence and the RFC, remand is required for further analysis.

Next, Plaintiff argues that the ALJ's credibility determination was defective because it improperly overemphasized daily activities. Plaintiff points out that his daily activities were performed at his own pace, with rest breaks as needed. In his opinion, the ALJ noted that Plaintiff lives alone and cooks, cleans, does his laundry, and goes grocery shopping, with help from family and friends. While there does not appear to be a flagrant error on the ALJ's part with regard to Plaintiff's activities of daily living, on remand, the ALJ should carefully detail

when he/she is relying on daily living activities to support a denial and ensure that to the extent daily activities are used to prove ability to work, that the activities are reflective of full-time work.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.

Entered: October 23, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court